IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Colin Briess, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ViDai CJRT LLC, *et al.*, )<br>Defendants. )<br>) | Civil No. 1:19-cv-1167-CMH-MSN |

### REPORT & RECOMMENDATION

This matter comes before the Court on plaintiff Colin Briess' motion for default judgment as to defendant ViDai CJRT LLC ("VDC") (Dkt. No. 52). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in plaintiff's favor for the reasons that follow.

**I.     Procedural Background**

On May 14, 2019, plaintiff brought an action against defendants for breach of an employment agreement in the Circuit Court for Arlington County. Both defendants failed to respond to service within 21 days, and plaintiff then filed and served a motion for default judgment. Defense counsel subsequently entered an appearance, moving for leave to file a late answer, which the Circuit Court granted. Plaintiff then decided to file an amended complaint, which added a claim for retaliatory dismissal in violation of 42 U.S.C. § 1981. Defendants removed this case to federal court on September 9, 2019. (Dkt. No. 1).

On September 9, 2019, defendants filed an answer, as well as a motion to dismiss Count IV, plaintiff's retaliation claim under 42 U.S.C. § 1981. (Dkt. No. 3). On November 22, 2019, the Court denied the motion to dismiss (Dkt. No. 9). On January 17, 2020, defense counsel filed a motion to

withdraw. (Dkt. No. 13). This motion was granted, and *pro se* defendant Judith Turner was advised by the Court that she could not represent defendant VDC in a *pro se* capacity and that the corporate defendant was required to retain new counsel or face default. (Dkt. No. 19). Defendant VDC failed to retain new counsel, and as a result, on February 18, 2020, plaintiff filed a request for entry of default. (Dkt. No. 29). This request was granted on February 21, 2020. (Dkt. No. 33). On May 14, 2020, defendant Turner filed a suggestion of bankruptcy, automatically staying this action as to her. (Dkt. No. 51). On June 23, 2020, the Court ordered plaintiff to file a motion for default judgment as to defendant VDC. *Id*. Plaintiff filed his motion for default judgment on July 24, 2020. (Dkt. No. 52). On July 29, 2020, the undersigned issued an order setting the motion for default for ruling on the pleadings and setting a deadline for any objection to be filed of August 14, 2020. (Dkt. No. 55). On August 14, 2020, Judith Turner improperly filed an objection on behalf of defendant VDC, which was entered into the docket the following week. (Dkt. No. 56).

The complaint alleges three counts against defendant VDC. (Dkt. No. 1) ¶ 1. Plaintiff alleges breach of contract arising out of VDC's failure to pay to Briess any wages during his employment, (Count I) breach of contract arising out VDC's dismissal of Briess, (Count II), and violation of 42 U.S.C. § 1981 for retaliation (Count IV).

**II.     Factual Background**

The following facts are established by plaintiff's complaint (Dkt. No. 1) as well as by the memorandum in support of his motion for default judgment (Dkt. No. 53).

Briess worked for VDC under an employment agreement negotiated between defendant Judith Turner and him. (Dkt. No. 1-2) at ¶¶ 18-26. Before Turner signed the agreement, Briess sent drafts of the agreements to her by email, writing "You may wish to have an attorney review the agreements." (Dkt. No. 1-2) at ¶¶ 18-19. After negotiating further with Briess regarding some terms of the agreement, Turner executed it. (Dkt. No. 1-2) at ¶¶ 20-25.

VDC is the corporate entity which operated defendant Turner's juice bar in a leased space inside a fitness club in Arlington, Virginia. (Dkt. No. 1-2) at ¶ 5. Under the agreement entered into with defendants, plaintiff was employed as the store manager and could only be terminated for specific reasons outlined in the agreement. (Dkt. No. 1-2) at ¶ 33. The agreement also curtailed defendant Turner's ability to "engage in hands on or day-to-day activities." (Dkt. No. 1-2) at ¶ 31. Briess began work on July 1, 2017 and defendant Turner suspended him on August 18, 2017, subsequently terminating him on September 3, 2017. (Dkt. No. 1-2) at ¶¶ 63, 93.

The complaint alleges that VDC was opposed to hiring African American employees, and that VDC's principal, defendant Turner, attempted to prevent Briess hiring African American employees and to terminate the African American employees he had hired. (Dkt. 1-2) at ¶ 68. In particular, defendant Turner attempted to persuade Briess to fire Emmanuel Swinson ("Manny"). She complained about Swinson on June 16, 2017, stating that an employee handbook was too advanced for "someone like" Swinson to understand. (Dkt. 1-2) at ¶ 79. On August 5, 2017 she wrote to Briess again, stating "[i]t's an everyday reminder when you're dealing with people like that, need I say more." (Dkt 1-2) at ¶ 80. Turner complained to Briess about Swinson's performance, encouraging Briess to use his exclusive hiring/firing authority to terminate Swinson. (Dkt. No. 1-2) at ¶¶ 81-87. On July 22, 2017, Turner advised Briess via text message that he should remove Swinson from the schedule against Briess' wishes. (Dkt No. 1-2) at ¶ 52. Briess did not follow Turner's directives. (Dkt. No. 1-2) at ¶ 68, 88, 136. This refusal led to animosity between Turner and Briess. (Dkt. No. 1-2) at ¶ 90. On one occasion, the complaint alleges that Turner yelled at Briess: "I don't want you hiring any more of these fucking black people. I want you to hire good people." (Dkt. No. 1-2) at ¶ 91. On August 18, 2017, Turner suspended Briess and then fired him on September 3, 2017. (Dkt. No. 1-2) at ¶ 92. VDC failed to pay Briess any wages. (Dkt. No. 1-2) at ¶¶ 3, 114-17.

### III. Jurisdiction, Venue, and Service of Process

A court must have both subject matter and personal jurisdiction over a defaulting defendant before it can render a default judgment. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as this case includes a claim that arises under federal law. This Court has supplemental jurisdiction over the Virginia law breach of contract claims because they are related state law claims under 28 U.S.C. § 1367. Because VDC is located in Arlington, a substantial portion of the wrongful acts alleged in this complaint occurred in the Eastern District of Virginia. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(2).

### IV. Standard

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, while defendant has answered the complaint, it has failed to "otherwise defend" in the time frame set out in the rules. Fed. R. Civ. P. 55(a). *See also Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (affirming default judgment for failure to defend or participate in discovery).

Accordingly, the well-pleaded allegations of fact contained in the complaint are deemed to be admitted.

V.   **Analysis**

Having examined the record, the undersigned finds that the well-pleaded allegations of fact in the complaint (Dkt. No. 1-2), supported by plaintiff's motion for default judgment (Dkt. No. 52) and memorandum in support (Dkt. No. 53), establish that defendant VDC is liable for breach of contract arising out of VDC's failure to pay to Briess any wages during his employment, breach of contract arising out VDC's dismissal of Briess, and violation of 42 U.S.C. § 1981 for retaliation. Because plaintiff has requested a jury trial on damages, the undersigned makes no finding as to damages at this time.

a.   **Breach of employment agreement for failure to pay wages**

As an initial matter, the undersigned finds that the employment agreement between plaintiff and defendants is a valid and enforceable contract. Prior to defaulting, defendant plead the affirmative defenses of unclean hands, undue influence, and fraudulent inducement to enter a contract.[1]

Plaintiff and Turner engaged in discussions regarding the sale of VDC after plaintiff learned in February 2017 from his brother Craig Briess that Turner owned a juice bar. (Dkt. No. 1-2) at ¶ 9. Plaintiff engaged in standard activities such as meeting with Turner to discuss the deal and visiting the juice bar. (Dkt. No. 1-2). Turner agreed to sell the business for approximately the same amount she had paid for it, even though emails between the Briess siblings indicate they

---

[1] In a similar vein, in her objection to the motion for default, Turner argues that she was in a relationship with plaintiff's brother Craig Briess at the time the contract was entered, and the Briess brothers "took advantage of my trust" and "committed a fraud against my small business." (Dkt. No. 56) at 2. Corporations are not permitted to proceed without counsel, necessitating the corporate defendant's default. *See In re Tamojira v. Sherman B. Lubman*, 20 Fed. Appx. 133 (4th Cir. 2001) ("it is well settled that a corporation must be represented by an attorney in federal court"). Therefore, Ms. Turner's objections cannot be considered. Even if defendant had not defaulted, however, it is clear these claims lack merit.

privately did not believe that the business was worth that amount. (Dkt. No. 53-3) at ¶¶ 13-16, 27. Craig Briess did not serve as counsel for either party, and Turner was free to seek counsel, as plaintiff explicitly suggested. (Dkt. No. 1-2) at ¶ 19. In fact, Craig Briess asked plaintiff to negotiate directly with Turner, which he subsequently did. For these reasons, the Court finds there is no evidence of fraud or undue influence in the negotiation and execution of the employment.

VDC's employment agreement makes clear that plaintiff was owed a salary of eighty percent (80%) of the company's net operating income. (Dkt. No. 53-1). However, VDC failed to pay plaintiff anything. Thus, plaintiff has successfully alleged "(1) a legal obligation; (2) a violation or breach of that duty; and (3) injury or damage to the [p]laintiff." *Parker v. Westat, Inc.*, 301 F.Supp.2d 537, 543 (E.D. Va. 2004).

### b.  Breach of employment agreement by dismissal of plaintiff

VDC's employment agreement with plaintiff also established clear terms under which plaintiff could be terminated. In Virginia, employment is presumed to be at will, but "this presumption may be rebutted, however, if sufficient evidence is produced to show that the employment is for a definite, rather than an indefinite, term." *Progress Printing Company v. Nichols*, 244 Va. 337, 340 (Va. 1992). Here, the contract explicitly laid out the limited circumstances under which plaintiff could be terminated. These circumstances were as follows: a three-consecutive month failure to generate sales; commission of a felony related to Briess' employment; misappropriation of VDC's funds or property; a failure to carry out written assigned duties after notice; a restrictive covenant under which Briess owed duties to a third party; and a redirection of a VDC opportunity to Briess for personal profit. (Dkt. No. 53-1) at 2. In this case, the record is clear that none of the enumerated reasons were the basis for plaintiff's termination. This is because defendant Turner wrote a letter to Briess, providing reasons for his termination, which

included none of the reasons listed in the contract. (Dkt. No. 53-3). Therefore, the undersigned concludes that plaintiff was terminated in violation of the employment agreement.

    c. **Violation of 42 U.S.C. § 1981**

In a retaliation claim brought under 42 U.S.C. § 1981, the plaintiff must demonstrate "(1) that he engaged in a protected activity; (2) that his employer took an adverse employment action against him; and (3) that a causal connection existed between the protected activity and the asserted adverse action." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004).

First, plaintiff engaged in protected activity by refusing to carry out the instructions of defendant Turner. An employee engages in protected activity when they refuse to obey a superior's instruction to engage in unlawful discrimination. *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 721 (6th Cir. 2011). Here, plaintiff alleges that Turner directed Briess to interview replacements for Mr. Swinson, an African American employee. (Dkt. No. 1-2) at ¶ 84. Plaintiff also alleges she also directed Briess as follows: "We need to get [Swinson] the extra three days of training that he claimed he didn't get enough so he can't say that he was not treated fairly like most of them do. Then we can get rid of him." (Dkt No. 1-2) at ¶ 87. The plaintiff further alleges that Turner yelled at him, instructing him not to hire any additional African American employees, demonstrating that she understood he was disregarding her instructions. (Dkt. No. 1-2) at ¶ 91. Taking these allegations as true, as the undersigned must for the purposes of default judgment, the first element is met. The second element, the adverse employment action, is easily met by defendants' decision to fire plaintiff.

The third element, a causal connection between protected activity and the adverse action, is also demonstrated. Plaintiff alleges that defendant Turner expressed animosity towards plaintiff because of his refusal to terminate Mr. Swinson. (Dkt. No. 1-2) at ¶ 90. Plaintiff's allegation that Turner yelled "I don't want you hiring any more of these fucking black people" certainly shows

7

such animosity. (Dkt. No. 91). Plaintiff can demonstrate causation by noting the temporal proximity between protected activity and this termination. For example, forty-two days between protected activity and retaliation has been held to meet the causation requirement for purposes of establishing a prima facie case. *See Taylor v. Republic Servs., Inc.*, 968 F. Supp. 2d 768, 798 (E.D. Va. Sep. 16, 2013). Plaintiff has pointed to a shorter period of time than in *Taylor* between the most recent alleged protected activity and retaliation. On July 22, 2017 Turner directed plaintiff to take Swinson off the schedule. (Dkt. No. 1-2) at ¶ 87. Briess refused. (Dkt. No. 1-2) at ¶ 88. Ms. Turner permanently suspended Briess less than four weeks, or twenty-seven days, later. Accordingly, the third element is met and defendant VDC is liable for retaliation under 42 U.S.C. § 1981.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends granting plaintiff's motion for default judgment, and scheduling a trial to determine plaintiff's damages.

## VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

December 1, 2020
Alexandria, Virginia